PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| KARAM MANAGED PROPERTIES, LLC, | ) | |
| | ) | CASE NO. 5:11CV01222 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| THE TRAVELERS INDEMNITY COMPANY, | ) ) | |
| | ) | **MEMORANDUM OF OPINION &** |
| Defendant. | | **ORDER** (Resolving ECF No. 4) |

### I. INTRODUCTION

Before the Court is the Motion to Dismiss For Failure to State a Claim and/or Motion to Stay (ECF No. 4) filed by Defendant Travelers Indemnity Company ("Travelers"). Plaintiffs Karam Managed Properties, LLC and Toledo Properties, LLC ("Karam") have filed a brief in opposition (ECF No. 7) to which Travelers has replied (ECF No. 8). For the reasons discussed below, the Court grants the instant motion and stays the matter.

### II. FACTUAL BACKGROUND and PROCEDURAL HISTORY

This case involves a dispute between Karam and Travelers, as to who is entitled to the settlement proceeds from a settlement reached in a case that was before the Lucas County Court of Common Pleas. The facts of that case follows:

Travelers insured an apartment complex owned by Karam at the Hunter's Ridge Apartment Complex located at 3470 Gibralter Heights, Toledo, Ohio. At some point during the late evening of July 4, 2008 or the early morning of July 5, 2008, a fire began at the Hunter's

(5:11cv01222)

Ridge Apartments, causing significant damage to the property and compromising several buildings. The total damages to Karam exceeded $12 million dollars. At the time of the fire, Karam's Hunter's Ridge Apartment Complex was insured by Travelers. Consequently, Travelers paid Karam $8,879,824.20 for the losses sustained from the fire. ECF No. 7 at 2-3.

When the fire occurred, a third party security company, Infinite Security Solutions, LLC ("Infinite"), was employed by Karam to provide security at the Hunter's Ridge Apartment Complex. After an investigation was completed, it was discovered that, on the night of the fire, the Infinite Security Guard working at the Hunter's Ridge Apartment Complex knew that residents were discharging illegal fireworks on site, and took no actions to report, prevent, or stop the residents from discharging these fireworks. According to Karam, this failure to act by the Infinite Security Guard was a direct and proximate result of the fire and destruction of the property. ECF No. 7 at 3. Infinite was insured under a commercial general liability policy through Lexington Insurance/AIG, which provided coverage of up to $1,000,000.00 per occurrence. ECF No. 7 at 3.

Thereafter, two lawsuits were filed in the Lucas County (Ohio) Court of Common Pleas (*The Travelers Indemnity Company, as Subrogee of Toledo Properties, LLC, v. Infinite Security Solutions, LLC*, Case No: CI-2009-04627 and *Infinite Security Solutions, LLC v. Karam Properties I, Ltd.*, Case No: CI-2009-0381), which were consolidated into one action. ECF No. 7 at 3.

On May 18, 2011, after extensive pretrial discovery and motion practice, the parties in the State court action participated in a mediation, attempting to settle their differences. Though the parties were unable to settle the case, on May 18, 2011, the parties resolved most (but not all)

(5:11cv01222)

of the issues between Infinite, Travelers and Karam at a State court ordered settlement conference held on May 19, 2011. A settlement agreement was reached between the parties, which included the terms that Infinite agreed to pay $850,000 in exchange for a release of all claims by Travelers and Karam. Infinite also agreed to dismiss its claim against Karam in exchange for a $25,000.00 settlement which Travelers agreed was to be paid from the $850,000 settlement proceeds. This provision left $825,000 to satisfy the claims asserted by Travelers as well as the un-reimbursed losses sustained by Karam. Unfortunately, the terms of the settlement did not identify whom was entitled to receive the settlement proceeds, Karam or Travelers. ECF No. 4 at 9.

On May 23, 2011, two business days after the May 19, 2011 settlement conference, the State court entered a Judgment Entry dismissing the underlying cases without prejudice "with the parties reserving the right to file an entry of dismissal within thirty (30) days of this order." ECF Nos. 4 at 11 and 4-7.

On June 14, 2011, before the State Court was given an opportunity to address the remaining outstanding issue between the parties, Karam filed a complaint against Travelers in this Court asserting diversity jurisdiction and three causes of action premised upon Karam's assertion that it has priority over the $825,000 in settlement proceeds. ECF No. 1.

Nearly one week later, on June 20, 2011, in State court, Travelers filed a motion to set aside the State court's judgment entry and to have that court address the outstanding issue relating to the priority/apportionment of the settlement proceeds. ECF No. 4-6.[1] That motion is pending.

---

[1] *See also* http://lcapps.co.lucas.oh.us/onlinedockets/

(5:11cv01222)

On July 6, 2011, Karam filed the instant to motion to dismiss or stay the action based upon the status of the pending State court action.  ECF No. 4.  On September 2, 2011, Karam filed a response.  ECF No. 7.  On February 24, 2011, the Court conducted a telephonic conference with lead counsel for Karam and Travelers.  *See* Docket Minutes.  The motion is now ripe for discussion.

### III.  DISCUSSION

In the instant motion, Travelers raises following arguments to encourage the Court should either dismiss or stay the current action:

First, Travelers contends that the Court should abstain from hearing the case based on the *Colorado River* doctrine.  ECF No. 4 at 13-16.  Under that doctrine, a federal court may abstain from deciding a federal court action in deference to a pending state proceeding to avoid duplicative, piecemeal litigation.  *See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)*.

*Colorado River* abstention involves a two-part analysis.  First, there must be a determination whether the concurrent state and federal actions are parallel.  *Id*. at 817-18; *see also Romine v. Compuserve Corp., 160 F.3d 337, 339 (6th Cir. 1998)*.  Second, if the actions are found to be parallel, a Court must apply the eight *Colorado River* factors to determine whether abstention is appropriate under the facts of the case.  *Id*. at 340.  The eight factors are:

> (1) whether the state court has assumed jurisdiction over any res or property;
> (2) whether the federal forum is less convenient to the parties;
> (3) avoidance of piecemeal litigation;
> (4) the order in which the jurisdiction was obtained;
> (5) whether the source of governing law is state or federal;
> (6) the adequacy of the state court action to protect the federal plaintiff's rights;
> (7) the relative progress of the state and federal proceedings; and

(5:11cv01222)

    (8) the presence or absence of concurrent jurisdiction.

*Finch v. Thomas Asphalt Paving Co.*, 252 F.Supp.2d 459, 462 (N.D. Ohio 2002) (citing *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001)). If abstention is appropriate under the eight *Colorado River* factors, a district court should grant a motion to dismiss or stay the action. See *Romine*, 160 F.3d at 340-41.

Applying the above test to this case, Travelers contends that its motion should be granted given that the instant matter and the State court action are parallel proceedings, and an analysis the eight *Colorado River* factors all weigh in favor of abstention.

Travelers also argues that this case should be dismissed on the grounds that Infinite is a "necessary and indispensable party" to this action under Fed. R. Civ. P. 19(a). And, the addition of Infinite, "a non-diverse party," would destroy diversity jurisdiction. ECF No. 4 at 7. In further support of its position, Travelers contends that Infinite is an integral party to the settlement of the underlying State Court action out of which this matter arises. Travelers emphasizes (1) that Infinite is the party funding the settlement and, thereby, the creator of the "*res*" out of which the instant dispute arises; and (2) that Infinite is a party to the settlement, entitled to some of the settlement proceeds and a complete adjudication and release of its rights and obligations. Thus, Travelers contends that failure to include Infinite, not only would result in multiple or inconsistent obligations relating to the settlement reached in the parallel state proceeding, but also could potentially impair or impede Infinite's ability to protect its interest. ECF No. 4 at 17-20.

(5:11cv01222)

Additionally, Travelers argues that the instant action should be dismissed because the Court lacks subject matter jurisdiction. In support of this argument, Travelers relies principally upon *Travelers Indem. Co. v. Bowling Green Prof'l Associates, PLC*, 495 F.3d 266, 268 (6th Cir. 2007), a case outlining the test governing whether subject matter jurisdiction exists in a declaratory judgment action. In *Bowling Green*, the Sixth Circuit held that the district court abused its discretion in exercising subject matter jurisdiction over a declaratory judgment action filed by an insurer. In reaching its decision, the Court applied the following five factors enumerated in *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984):

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

*Bowling Green,* 495 F.3d at 271. Travelers argues that because the instant matter fails to satisfy any of these governing five factors, this Court should follow the lead of Sixth Circuit in *Bowling Green* and conclude that the Court likewise lacks subject matter jurisdiction. ECF No. 4 at 20-25.

Lastly, Travelers argues that the Court should minimally exercise its authority to stay the case in light of the ongoing nature of the State Court action and the current motion pending before the State Court on this very issue. ECF No. 4 at 26.

(5:11cv01222)

Karam vehemently objects to each argument propounded by Travelers.[2]  The Court is unpersuaded by Karam's arguments.  It is clear from the record developed so far that a State court case that is minimally parallel to the instant action is *concurrently* pending and being actively adjudicated by the Lucas County (Ohio) Court of Common Pleas.

An analysis of the *Colorado River* factors bode, strongly, in favor of abstaining from ruling, if at all, until after that State court matter has been resolved with finality, in order to avoid the dreaded duplicative and piecemeal litigation that will be unnecessarily costly and not assuredly productive or final.

Infinite's absence is palpable.  Its addition, however, will eliminate the Court's diversity jurisdiction.  Before this case proceeds in federal court, Karam will have to show cause why Rule 19 does not require dismissal for failure to join an indispensable party.

Lastly, in the interest of procedural fairness and judicial finality, this case must eventually be brought to a close.  That finality is not to be achieved while litigants are dueling the same battle in two different courts.

### IV.  CONCLUSION

For the reasons given above, Traveler's motion to dismiss or, in the alternative, to stay, ECF No. 4, is granted.  The matter is stayed until the case now pending in the Lucas County Court of Common Pleas is fully resolved.[3]

---

[2]  Travelers requested oral argument.  ECF No. 4.  As the Court indicated during the telephonic conference held on February 24, 2011, counsel so articulately explained their positions in their briefs that oral argument was unnecessary, as it would not be helpful to the Court.

[3] *See* http://lcapps.co.lucas.oh.us/onlinedockets/

(5:11cv01222)

The Clerk of Court shall administratively close the instant case until further order of the Court.

IT IS SO ORDERED.

| | |
|---|---|
| February 29, 2012 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |